**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAMES DOWNEY,

                    Plaintiff,

v.                                                    CIVIL ACTION NO.   2:13-cv-23595

SOUTH CENTRAL REGIONAL JAIL, et al.,

                    Defendants.


**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *pro se* Complaint [ECF 1-1] filed under 42 U.S.C. § 1983 and Defendants' motion to dismiss [ECF 4]. The Complaint was filed on August 14, 2013, in state court and removed to this Court by Defendants on September 24, 2013, pursuant to 28 U.S.C. § 1331. On January 7, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed a PF&R (ECF 13) on July 30, 2014, recommending that this Court grant Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff timely filed objections to the PF&R on August 12, 2014 (ECF 14).

*I. BACKGROUND*

Plaintiff's Complaint sets forth the following allegations. During the period pertinent to this action, Plaintiff was a prisoner in confinement at the South Central Regional Jail, in Charleston, West Virginia. An officer at South Central Regional Jail allegedly pepper sprayed Plaintiff outside his jail cell. Blinded from the pepper spray and "trying to get away from the

pain," Plaintiff allegedly slipped on a floor wet with pepper spray and fell two stories over a railing, causing Plaintiff severe injuries, including numerous broken bones, which allegedly now leave Plaintiff permanently crippled. (ECF 1-1 at 6–7; ECF 6 at 3–4; ECF 8 at 1–2; ECF 14 at 4.) After the fall, the staff tried to make Plaintiff walk, despite the seriousness of his injuries. (ECF 1-1 at 6–7.) On the date of the alleged injury, at least four correctional officers wrote incident reports, which Plaintiff alleges to have contained falsities as part of an attempted cover up. (*Id.* at 5–7.) After being released from the hospital, Plaintiff was not returned to the South Central Regional Jail but transferred to Mt. Olive Correctional Complex. (ECF 8 at 3.) On September 16, 2011 he was again transferred, this time to St. Mary's Correctional Center, where Plaintiff remains. (ECF 1-1 at 4–5.) Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983.

After reviewing the record, Magistrate Judge Tinsley concluded that (1) the Complaint is barred by the applicable two-year statute of limitations under W. Va. Code § 55-2-12(b); (2) Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a); (3) Plaintiff's requests for declaratory and injunctive relief were mooted by his transfer from the facility where the incident occurred; (4) Plaintiff failed to set forth sufficient facts to state claims upon which relief may be granted; and (5) claims against Defendants in their official capacities for monetary damages must be dismissed. Accordingly, the PF&R recommends that Defendants' motion to dismiss be granted and Plaintiff's Complaint be dismissed.

## II. STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

### A. First Objection

As a threshold matter, Plaintiff appears to object to removal. (ECF 6 at 1; ECF 14 at 1.) Plaintiff's objection to the PF&R alleges that Defendants removed because they "knew that on a state level they had no chance of winning a jury trial on this matter." (ECF 14 at 1.) Plaintiff "feel[s] this has been an unfair move to prevent justice," although he concedes that "[a]ccording to the law they have this right." (*Id.*) Plaintiff's original objection to the motion to dismiss and to removal also conceded that "the Defendants has the right to remove it from State Court as a Matter of law." (ECF 6 at 1.) As Plaintiff's complaint raises a federal question, jurisdiction is proper pursuant to 28 U.S.C. § 1331.

### B. Second Objection

Plaintiff also objects to the PF&R's conclusion that his claim is time-barred.

3

Because there is no federal statute of limitations applicable to § 1983 actions, the applicable provision must be borrowed from the analogous state statute of limitations. *See Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). The analogous state statute of limitations most appropriate for § 1983 actions is the limitation period for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). "Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249 (1989). In West Virginia that period is two years. W. Va. Code § 55–2–12(b). The question of whether the statute of limitations is tolled is also resolved by reference to state law. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). However, the time of accrual for a § 1983 action is determined by federal law. *Nassim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

Plaintiff's cause of action accrued on May 2, 2011, when Plaintiff was allegedly injured. Plaintiff did not file his Complaint until August 13, 2013—more than two years after his cause of action accrued. Plaintiff asserted in his Complaint that from the date of his injury on May 2, 2011, until the date of his transfer to St. Mary's Correctional Center on September 16, 2011, he was under the disability of imprisonment. (ECF 1-1 at 4; *id.* at 7.) However, incarceration does not toll a statute of limitations in West Virginia. *Craigo v. Marshall*, 331 S.E.2d 510, 513 (W. Va. 1985). Thus, Magistrate Judge Tinsley correctly concluded that the applicable statute of limitations is not tolled due to Plaintiff's incarceration. In his objection, Plaintiff points to *In re Dameron*, No. 96–10873–AT, 97–1088, 97–1108, 97–1110, 1997 WL 33107300 (E.D. Va. Aug.

4

19, 1997) for a contrary rule. That case does not provide one, however; it does not discuss the tolling of a statute of limitations under West Virginia law due to imprisonment but rather the capacity of an imprisoned person to be sued under the West Virginia Rules of Civil Procedure. *See id.* at 2–3.[1]

Plaintiff also asserts in his objections "that the Defendants are the cause of his denial of due process, and the reason for any time bar by denying him access while Mr. Downey was incapacitated and denied hit [sic] right to access to the Federal mandate 1997 (e) Prison Reform Act, Exhaustion of Administrative Remedies as well as legal assistance." (ECF 14 at 2.) Plaintiff also asserts that

> staff named in this matter, assisted in a cover up and wrote false reports to cover up the unlawful action of their colleague as well as to later deny Mr. Downey his right to access to a grievance system mandated by federal law, as well as access to the Courts until such time to file as he did.

(*Id.* at 4.) Plaintiff does not provide any other allegations in support of these assertions.

West Virginia's Supreme Court of Appeals has recognized two types of equitable modification of a statute of limitations. *Indep. Fire Co. No. 1 v. W. Va. Human Rights Comm'n*, 376 S.E.2d 612, 614 (W. Va. 1988). The first is equitable tolling, "which often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant," and the second is equitable estoppel, "which usually focuses on the actions of the defendant." *Id.* (citation omitted). The Court went on to recite with approval another court's elaboration on these doctrines:

---

[1]  Plaintiff in his second response to the motion to dismiss also argued that Plaintiff was under a medical disability. (ECF 8 at 2.) The Court does not find, and the Plaintiff does not point to, any West Virginia law permitting the tolling of a statute of limitations due to medical injury or hospitalization.

The court in [*Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir. 1986)], then proceeded to a more specific statement as to the concept of equitable tolling:

> "Dealing first with equitable tolling, it is well-established that the limitations period is tolled until facts that would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard to his rights similarly situated to the plaintiff."

It then discussed in some detail the doctrine of equitable estoppel:

> "Equitable estoppel is available only if the employee's otherwise untimely filing was the result either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge. Among other factors, the granting of equitable estoppel should be premised upon (1) a showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations and (2) evidence of improper purpose on the part of the defendant or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct."

*Id.* at 614–15 (internal quotation marks omitted) (citations omitted). In addition, "statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions are strictly construed and are not enlarged by the courts upon considerations of apparent hardship." *Perdue v. Hess*, 484 S.E.2d 182, 186 (W. Va. 1997) (internal quotation marks omitted) (holding that attorney's failure to file personal injury cause of action within two-year statute of limitations, regardless of whether such failure constitutes excusable neglect, does not toll statutory filing period).

While Plaintiff's objection appears to be a request for the application of equitable estoppel to Defendants' state of limitations defense, Plaintiff's conclusory assertion about being denied access to the courts is insufficient to warrant the equitable remedy of estoppel. Dismissal of Plaintiff's Complaint may seem harsh in light of the severity of the injuries Plaintiff alleges he suffered due to Defendants' actions. However, it appears that Plaintiff had sufficient opportunity

after he was released from the hospital to gather information necessary to file the instant lawsuit, but failed to do so.

Accordingly, the Court **OVERRULES** Plaintiff's objection. Plaintiff's remaining objections are mooted by the fact that Plaintiff's Complaint is barred by the statute of limitations.

*V. CONCLUSION*

Accordingly, the Court **ADOPTS** the recommendations contained in the PF&R [ECF 13] as to the limitations bar, **OVERRULES** Plaintiff's objections [ECF 14], **GRANTS** Defendants' motion to dismiss [ECF 4], **DISMISSES** Plaintiff's Complaint [ECF 1–1], and **DIRECTS** the Clerk to remove this case from the Court's Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     September 29, 2014

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE